IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER HETTINGER,

                     Petitioner,

v.                                            OPINION and ORDER

WARDEN R.D. KEYES,                             22-cv-536-jdp

                     Respondent.

---

      Petitioner Roger Hettinger seeks relief under 28 U.S.C. § 2241. Hettinger contends that he is entitled to sentence credit under the First Step Act (FSA) that would entitle him to immediate placement in prerelease custody. Respondent filed a response, arguing that Hettinger failed to exhaust administrative remedies. Hettinger did not file a reply. I agree with respondent and will dismiss the petition.

BACKGROUND

      I take the following facts primarily from the declaration of Abigail Hoyos, Dkt. 9, which respondent submitted to support his response. Because Hettinger did not reply to these assertions, and because respondent supported them with evidence, I must "accept[ them] as true" when ruling on the petition. 28 U.S.C. § 2248; *see also Phillips v. Pitchess*, 451 F.2d 913, 919 (9th Cir. 1971).

      Hettinger is currently incarcerated at FCI Oxford. Dkt. 1 at 1. Hoyos works for the Federal Bureau of Prisons (BOP) as an administrative remedy clerk. Dkt. 9 ¶ 1. Hoyos is familiar with the BOP's administrative remedy program and has access to relevant records.

*Id.* ¶ 2. Hettinger was sentenced in the Northern District of Iowa to 150 months' imprisonment. *Id.* ¶ 5; Dkt. 1-2 at 1.

Hettinger filed his federal petition on September 8, 2022. *See* Dkt. 1 at 5. At that time, Hettinger's projected release date was September 7, 2025. Dkt. 1-2 at 1. Hettinger contended that the BOP miscalculated his sentence by failing to give him all the FSA time credit that he was eligible for. *See* Dkt. 1 and Dkt. 1-1. Hettinger also contended that he is eligible for immediate transfer to prerelease custody. Dkt. 1-1 at 2.

On October 3, 2022, FCI Oxford received an administrative remedy request from Hettinger. Dkt. 9 ¶ 7. Hettinger sought the application of 22 months of FSA time credit. *Id.*

In his response of October 25, 2022, the warden informed Hettinger that he had received 365 days of FSA time credit. *Id.*; Dkt. 9-3 at 2. So Hettinger's statutory release date was adjusted to September 7, 2024. Dkt. 9 ¶ 7; Dkt. 9-3 at 2. The warden told Hettinger that he could appeal to the Regional Director if he was unsatisfied with the response. Dkt. 9-3 at 2. As of November 2, 2022, Hettinger had not appealed the warden's response. Dkt. 9 ¶ 7.

DISCUSSION

Courts usually require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376–77 (7th Cir. 1985). The BOP's administrative remedy program allows prisoners to seek formal review of issues relating to any aspect of their confinement. 28 C.F.R. § 542.10(a). To start the process, the prisoner must file an informal complaint with BOP staff. 28 C.F.R. § 542.13(a). If the prisoner cannot informally resolve his complaint, he must file an administrative remedy request on a BP-9 form within 20 days after

the incident at issue. 28 C.F.R. § 542.14(a). If the prisoner is unsatisfied with the warden's response, he may submit an appeal on a BP-10 form to the Regional Director within 20 days. 28 C.F.R. § 542.15(a). If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of the General Counsel within 30 days. *Id.* The prisoner must complete this process to exhaust the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526–27 (7th Cir. 2008). But I may excuse a failure to exhaust where: (1) requiring exhaustion would cause prejudice because of the time required; (2) the agency cannot resolve the issue or grant the requested relief; (3) exhaustion would be futile because the agency is biased or has already determined the issue; or (4) substantial constitutional questions are raised. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004).

Here, Hettinger filed an informal complaint in August 2022 and a BP-9 form on September 26, 2022. *See* Dkt. 4. There is no evidence that Hettinger appealed the warden's response to his BP-9 form. Because Hettinger did not completely exhaust the BOP's administrative remedy program before filing his petition on September 8, 2022, he failed to exhaust administrative remedies.

There is no basis to excuse Hettinger's failure to exhaust. Hettinger has not disputed respondent's contention that, because his adjusted release date is September 7, 2024, he has enough time to complete the BOP's administrative process. Also, there is no indication that the BOP could not resolve the issues Hettinger raises or grant the requested relief. Regarding futility, the warden's failure to give Hettinger his preferred relief does not mean that the Regional Director or General Counsel would reach the same conclusion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests

will be futile; the only way to find out is to try." (emphasis omitted)). Also, the warden's application of 365 days of FSA time credit belies Hettinger's contention that the BOP predetermined that he would not receive a sentence recomputation. *See* Dkt. 1-1 at 1. Finally, this case does not present any substantial constitutional questions.

Because Hettinger has failed to exhaust administrative remedies, I will dismiss this action without prejudice. *Brown v. Ashcroft*, 41 F. App'x 873, 875 (7th Cir. 2002).

ORDER

IT IS ORDERED that:

1. Petitioner's petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk is directed to enter judgment accordingly and mail petitioner a copy of this order.

Entered December 14, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge